BRADFORD, Judge,
concurring in part, dissenting in part.
I concur with the majority’s conclusion that the trial court acted within its discretion in excluding certain evidence from *1029 trial. However, I respectfully dissent from the majority’s conclusion that the trial court abused its discretion in sentencing Sloan.
FACTUAL OVERVIEW
Athough Sloan maintained his innocence throughout the underlying proceedings, the facts most favorable to the jury’s determination are as follows: On June 23, 2011, thirteen-year-old K.W. fell asleep at Sloan’s residence. Sloan was twenty-two years old at the time. At one point during the night, K.W., who was asleep on the couch, was “woken up” by Sloan carrying her to his bed. TV. p. 81. Upon placing K.W. on his bed, Sloan removed both his and KW.’s clothing and placed his penis inside her vagina. Sloan told K.W. that if he “got caught he would tell them all that he was drunk and [K.W.] raped him.” Tr. p. 87. K.W. had not seen Sloan drink any alcohol that night and was scared of Sloan who was much bigger than she was. After Sloan completed his act, K.W. got dressed and went to sleep on the couch.
DISCUSSION AND DECISION
Whether the Trial Court Abused Its Discretion in Sentencing Sloan
Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind.2007), modified on other grounds on reh’g, 875 N.E.2d 218 (Ind.2007). “An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.” Id. (quotation omitted).
One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.
Id. at 490-91.
In sentencing Sloan to a slightly aggravated thirty-five-year term of imprisonment, the trial court found three aggravating factors. Specifically, the trial court found Sloan’s alleged failure to enunciate a meaningful desire or ability to rehabilitate his wrongful behavior, the fact that Sloan was in need of correctional treatment, and Sloan’s lack of remorse to be aggravating factors. On appeal, Sloan argues that the trial court abused its discretion in sentencing him because the above-stated factors were not supported by the record.

Sloan’s Alleged Failure to Enunciate a Meaningful Desire or Ability to Rehabilitate His Wrongful Behavior

It is well-established that Sloan had the absolute right to maintain his innocence and to assert that he did not commit any wrongful behavior. Cox v. State, 780 N.E.2d 1150, 1158 (Ind.Ct.App.2002). Sloan’s alleged failure to enunciate a meaningful desire or ability to rehabilitate his allegedly wrongful behavior was consistent with his good faith claim of innocence. As such, the trial court abused its discretion in finding Sloan’s alleged failure to enunciate a meaningful desire or ability to rehabilitate his wrongful behavior to be an aggravating factor.

*1030
Sloan’s Need for Correctional Treatment

The Indiana Supreme Court has previously held that “when relying on the ‘in need of correctional treatment’ aggravating factor, a trial court ‘must articulate why this specific defendant requires corrective or rehabilitative treatment that could best be provided by commitment to a penal facility for a period of time in excess of the [advisory sentence].’” Ford v. State, 718 N.E.2d 1104, 1107 (Ind.1999) (quoting Beason v. State, 690 N.E.2d 277, 282 (Ind.1998)). The trial court did not make such a statement here. As a result, the trial court abused its discretion in finding that Sloan was “in need of correctional treatment” to be an aggravating factor.
During sentencing, the trial court stated as follows:
Until we have some assurance, uh, that we have an ability to start to control your behavior, put you in a position where you can protect yourself, and others can be protected from you, uh, then there is no rational choice, uh, such as lower supervision, on probation, community corrections, etcetera.
Tr. pp. 382-33. This statement alone insufficiently articulated why the trial court believed that Sloan was in need of correctional treatment. However, it is worth noting that the trial court witnessed Sloan’s attack on court personnel, attempted escape, and overall disdain for court orders immediately following the finding of guilt. Had the trial court also articulated this observation and Sloan’s apparent disregard for the courts of this State as a justification for its determination, the trial court’s articulation would have been sufficient to justify its determination that Sloan was in need of correctional treatment.

Sloan’s Lack of Remorse

Again, while it is well-established that a court may not enhance a sentence for a defendant consistently maintaining his innocence, a defendant’s lack of remorse may justify an appropriate aggravating factor.
A court may not enhance a sentence for a defendant consistently maintaining his innocence if the defendant does so in good faith. Bluck v. State, 716 N.E.2d 507, 512 (Ind.Ct.App.1999). However, a trial court may consider as an aggravator the defendant’s lack of remorse. Id. at 513. A lack of remorse is displayed by a defendant when he displays disdain or recalcitrance, the equivalent of “I don’t care.” Id. This is distinguished from the right to maintain one’s innocence, i.e., “I didn’t do it.” Id.
Cox, 780 N.E.2d at 1158.
The trial court acknowledged that Sloan had the right to maintain his innocence. (Tr. 331) The State, however, presented evidence at sentencing which displayed a lack of remorse that was completely separate from his continued good faith claim of innocence. Specifically, the State presented evidence relating to a telephone call made by Sloan from the Johnson County Jail, during which he spoke to a person named Ashley. During this conversation, Sloan instructed Ashley to “[t]ell her to go kill f* ⅜ *ing [K.W.] because she’s the reason I’m here.” Tr. p. 320. Ashley then responded, “[y]ou’ve already got two (2) people going after her.” Tr. p. 320. This conversation, again during which Sloan attempted to instruct others to kill his victim, independently demonstrates that Sloan lacked remorse. As such, the trial court did not abuse its discretion in finding Sloan’s lack of remorse to be an aggravating circumstance.
The Indiana Supreme Court has held that “[a] lack of remorse by a defendant who insists upon his innocence is to be regarded only as a modest aggravator.” Bacher v. State, 686 N.E.2d 791, 801 (Ind.1997) (citing Owens v. State, 544 N.E.2d *1031 1375, 1379 (Ind.1989)). Further, because a single aggravating circumstance is adequate to justify an enhanced sentence, Hawkins v. State, 748 N.E.2d 362, 363 (Ind.2001), I would conclude that the trial court did not abuse its discretion in imposing a slightly-enhanced thirty-five-year sentence.