# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 31 2016, 7:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Victoria L. Bailey
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeffrey Winfrey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 31, 2016

Court of Appeals Case No.
49A04-1506-CR-656

Appeal from the Marion County
Superior Court

The Honorable Barbara Crawford,
Judge

Trial Court Cause No.
49F09-1403-FD-13455

**May, Judge.**

[1] Jeffrey Winfrey agreed to plead guilty to Class D felony resisting law enforcement,[1] Class D felony operating a vehicle while intoxicated with previous conviction,[2] and a habitual substance offender enhancement.[3] He asserts the court abused its discretion at sentencing when it found he lacked remorse and then used the lack of remorse as an aggravating factor. We affirm.

## Facts and Procedural History

[2] On March 14, 2014, at approximately 11:30 p.m., Officer Gregory Shue, of the Indianapolis Metropolitan Police Department, was on routine patrol when he saw a white Saturn Vue driving at a high rate of speed without headlights or taillights illuminated. Winfrey was driving the Saturn. He drove around a car that was stopped at a stop sign and he proceeded through the intersection without stopping. Officer Shue activated his emergency lights and began to pursue the Saturn.

[3] The Saturn eventually stopped and the officer approached it. As the officer reached the front wheel of his patrol car, the Saturn rolled and then stopped again. The officer ordered Winfrey to turn off the ignition and Winfrey complied. When Officer Shue continued toward the Saturn, Winfrey started

---

[1] Ind. Code § 35-44.1-3-1(a)(3)(b)(1)(A) (2013).

[2] Ind. Code § 9-30-5-3(a)(1) (2008).

[3] Ind. Code § 35-50-2-10(b) (2006).

the car and drove away. Officer Shue notified dispatch of the situation and dispatch told Officer Shue the license plate on the Saturn was stolen.

[4] Police officers pursued Winfrey. At some point, Winfrey rear-ended another vehicle but did not stop. The chase continued and approached speeds of 80 to 90 miles per hour. One of the officers attempted a precision immobilization technique (a "PIT")[4] in order to stop Winfrey's vehicle, but Winfrey was able to maneuver out of the PIT. A second PIT maneuver was successful.

[5] Winfrey's vehicle spun and stopped at the curb. Winfrey then put his car in reverse and accelerated backward until he hit a guide wire on a utility pole. His car continued up the guide wire, causing the top of the pole to break and electrical wires to fall to the ground. The downed electrical wires started a fire that caused a power outage.

[6] After the collision with the guide wire, Winfrey drove from the scene. Police officers pursued him. The pursuit ended when Winfrey turned into an alley and into a yard, where his vehicle became stuck in the grass and dirt.

[7] Officers ordered Winfrey to exit his vehicle, but he did not. Instead, with officers watching, he threw a small plastic baggie out of the passenger-side window. One of the officers again ordered Winfrey to exit the car. Winfrey refused. The officer grabbed Winfrey by the arms in an attempt to remove him

---

[4] The PIT maneuver, or precision immobilization technique, is a pursuit tactic used by a pursuing car to force a fleeing car to abruptly turn sideways, causing the driver to lose control and stop.

from the car, but Winfrey resisted. The officer then used a stun gun on Winfrey. Winfrey attempted to pull the stun gun probes from his body. It took several officers to eventually remove Winfrey from the car. Once Winfrey was out of the car, officers placed him on the ground and handcuffed him.

[8] One of the officers who handcuffed Winfrey smelled the odor of an alcoholic beverage coming from his breath. Winfrey had glassy, bloodshot eyes and slurred speech. A preliminary breath test was administered and Winfrey tested positive for alcohol at a level of 0.162. The officer read Winfrey his implied consent rights and Winfrey agreed to submit to a blood test at the hospital.

[9] While waiting for a vehicle to transport Winfrey to the hospital for the blood test, an officer noticed the baggie Winfrey threw from his car contained a green leafy substance. Inside Winfrey's car, officers found a small plastic baggie that contained a large quantity of small green pills and a third small plastic baggie that also contained a green leafy substance. The contents of the baggies were analyzed; the green leafy substance was marijuana and the green pills were Diazepam, a controlled substance.

[10] The State charged Winfrey with fourteen offenses and Winfrey pled guilty to resisting law enforcement, operating a vehicle while intoxicated with previous conviction, and the habitual substance offender enhancement. The State dismissed the remaining counts.

[11] The plea agreement left sentencing open to the trial court. At the sentencing hearing, the trial court found aggravating and mitigating circumstances but

found the aggravating circumstances outweighed the mitigating circumstances. Winfrey was sentenced to a total of eight years with four years to be served in the Indiana Department of Correction, two years under work release, and two years on probation.

## Discussion and Decision

[12] Winfrey argues the trial court abused its discretion at his sentencing hearing because, according to Winfrey, it found his failure to present evidence of remorse to be an aggravating factor. Winfrey asks us to remand his case to the trial court for a new sentencing hearing, with a directive to the trial court to not consider as an aggravating factor his failure to present evidence of remorse.

[13] Sentencing decisions rest within the sound discretion of the trial court and will be disturbed only on a showing of abuse of discretion. *Anderson v. State*, 989 N.E.2d 823, 826 (Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs when the decision is clearly against the logic and effect of the evidence before the court or the reasonable inferences to be drawn therefrom. *Id*. A trial court abuses its discretion if it: (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence – including a finding of aggravating and mitigating factors if any – but the record does not support the reasons;" (3) enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law." *Anglemyer v. State,* 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g,* 875

N.E.2d 218 (Ind. 2007). A trial court may consider as an aggravator the defendant's lack of remorse. *Cox v. State,* 780 N.E.2d 1150, 1158 (Ind. Ct. App. 2002). A defendant lacks remorse "when he displays disdain or recalcitrance, the equivalent of 'I don't care.'" *Id.* "This is distinguished from the right to maintain one's innocence, *i.e.*, 'I didn't do it.'" *Id.*

[14] During his sentencing hearing, Winfrey testified he consumed alcohol and smoked marijuana the night of the episode, and the events "occurred because they laced that marijuana with somethin' . . . ." (Tr. at 34.) Winfrey further testified he took full responsibility for his actions and he was not offering an excuse for his behavior, but offered the explanation to the court to explain why the events occurred and that his drug use was a contributing factor to his behavior. (*Id*. at 33-36.) While pronouncing the sentence, the trial court stated:

> And, when I was listening to you talk um, about what happened that evening, what struck me is that um, while you are taking responsibility – you say you're taking responsibility for your um, conduct that night – uh, your attempt to mitigate that conduct by saying that, yeah, I smoked marijuana – and smoking marijuana is a crime; possession of marijuana is a crime – but all of this happened because the marijuana is laced with something else.
>
> Without any regard for the fact that, number one, you were doing something that was criminal. Number two, you shouldn't have been behind the wheel of a car because your driver's license was suspended. Number three, you shouldn't have been drinking and behind the wheel of a car. Um, and the fact that you wanted to hang everything on this um, claim of having the marijuana laced, is really troubling for me. Because that leaves in my mind

a question about whether or not you are really accepting responsibility for your conduct.

So, I – I – I have to find in my own mind that the – while you um, say that this is not an excuse, I think you were trying to use it as one. The Court finds that one of the aggravating circumstances is that while you have uh, plead [sic] guilty, the Court did not see any evidence of any remorse for your conduct.

(*Id*. at 51-52.)

[15] Winfrey offered an explanation as to what he believed contributed to his behavior. The trial court determined the explanation amounted to an excuse for his behavior. The trial court questioned whether Winfrey took responsibility for his conduct, and perceived Winfrey's excuse as a lack of remorse. Our Supreme Court has indicated a trial court can consider "its *perception* of a defendant's remorse or lack thereof." *Schiro v. State*, 479 N.E.2d 556, 559 (Ind. 1985), (emphasis added) *reh'g denied*, *cert. denied*, 475 U.S. 1036 (1986). We give substantial deference to the trial court's evaluation of remorse because the trial court has the ability to directly observe the defendant and is in the best position to determine whether the remorse is genuine. *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004). We cannot say that the trial court abused its discretion in finding Winfrey's explanation showed a lack of remorse.

[16] The trial court further determined that Winfrey's lack of remorse was an aggravating factor. Winfrey refers us to nothing that would cause us to second

guess the trial court's determination. *See Veal v. State*, 784 N.E.2d 490, 494 (Ind. 2003) ("A trial court may find a defendant's lack of remorse to be an aggravating factor.").

# Conclusion

The trial court did not abuse its discretion when it found Winfrey lacked remorse and his lack of remorse was an aggravating factor. Accordingly, we affirm his sentence.

Affirmed.

Najam, J., and Riley, J., concur.