## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 23 2019, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Cleverly Lockhart
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Cleverly Lockhart,

*Appellant-Plaintiff,*

v.

Robert Eutz,

*Appellee-Defendant.*

April 23, 2019

Court of Appeals Case No.
18A-PL-1553

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1712-PL-65

**Najam, Judge.**

# Statement of the Case

Cleverly Lockhart appeals the trial court's dismissal of his complaint for failure to state a claim upon which relief can be granted under Indiana Trial Rule 12(B)(6). Lockhart raises two issues for our review, which we consolidate and restate as whether the trial court erred when it dismissed Lockhart's complaint for breach of contract. We reverse and remand for further proceedings.

# Facts and Procedural History

On December 13, 2017, Lockhart, an inmate at the New Castle Correctional Facility, filed a civil complaint against Robert Eutz, an employee at the Miami Correctional Facility. According to his complaint:

> This cause of action is filed by Cleverly Lockhart, a state prisoner alleging violations of his civil rights under 42 U.S.C.S. § 1983, 18 U.S.C.S. § 1001, 47 U.S.C.S. § 1038, and Indiana Code [Sections] 34-11-2-7 and 34-14-1-9.
>
> Plaintiff alleges that Robert Eutz assaulted plaintiff, unnecessarily striking him repeatedly causing damage [and] thereby inflicting cruel and unusual punishment.
>
> Plaintiff alleges that Eutz entered into a contractual agreement to remove himself from a civil complaint previously filed by Plaintiff under Cause No. 52C01-1507-CT-000215.
>
> Plaintiff alleges that Eutz's failure to abide by the Notarized Affidavit, a contractual agreement, amounts to fraud, misrepresentation, deceit, promissory estoppel, breach of duty of good faith and fair dealing, or a breach of a conditional contract

under the Indiana Declaratory Judgments Act, Ind. Code § 34-14-1-9.

Eutz continues to exhibit hostile treatment over [P]laintiff by taunting and lauding the revoking of the contractual agreement entered into by himself and [P]laintiff, Lockhart, who is currently located at the New Castle Correctional Facility.

* * *

1.      On August 31, 2015[,] Plaintiff Lockhart filed a Civil Rights Complaint under the Indiana Constitution and 42 U.S.C. § 1983[] alleging the deprivation of rights under the color of state law and the rights secured by the United States Constitution alleging cruel and unusual punishment, excessive force[,] and denial of medical treatment under Cause No. 52C01-1507-CT-00215.

2.      Defendant Eutz wrote . . . to Warden Keith Butts of the New Castle Correctional Facility[] requesting permission to enter into a contractual agreement with Lockhart in regards to a civil matter arising out of Miami Circuit Court . . . Cause No. 52C01-1507-CT-00215.

3.      Defendant Eutz attempted to enter into negotiations with Lockhart to pay $80,000.00 in anticipation that Lockhart would remove Eutz from the initial civil complaint under Cause No. 52C01-1507-CT-00215; the payments consist of monthly payments [in the amount of] $950.00.

4.      Mr. Eutz requested of Warden Butts that Lockhart be allowed to enter into a contract contrary to The Indiana Department of Correction Policy and Procedure 04-03-103, Information and Standards of Conduct for Department Staff, and

Policy and Procedure Manual New Castle Correctional Facility, Policy Number 03.009, Code of Ethics, in an attempt to negotiate with Lockhart to avoid unfavorable court action.

5.    Mr. Eutz continues to taunt Lockhart about the breach of contract and the deplorable acts by continued communication sent through certified mail to the New Castle Correctional Facility.

LEGAL CLAIMS

6.    Plaintiff has relied on agency regulations created for guidance and benefit [sic]. Plaintiff has suffered substantially because [of] the Defendant['s] violation of the guidelines. Plaintiff asserts that the violation perpetrated by Robert Eutz amount[s] to the denial of due process[ and] equal protection and[/]or treatment.

7.    The [D]efendant made an unambiguous promise to the [P]laintiff, the [P]laintiff relied on the promise, the [P]laintiff's reliance was expected and foreseeable by the [D]efendant, and the [P]laintiff relied on the promise to his detriment.

8.    Eutz violated Lockhart's civil rights under 42 U.S.C.S. § 1983, 18 U.S.C.S. § 1001, 47 U.S.C.S. § 1038, and Indiana Code [Sections] 34-11-2-7 and 34-14-1-9.

* * *

10.    The fraudulent actions perpetrated by Robert Eutz caused Lockhart to remove him from the initial civil complaint lodged in the Miami Circuit Court.

> 11.    Eutz's attempt to circumvent the Indiana Department of Correction policy 04-03-103, Information and Standards of Conduct for Department Staff, by entering into a contractual agreement vaunts [sic] willful deceitfulness to defraud Lockhart of the agreed upon payment.

Appellant's App. Vol. 2 at 11-14.  As relief, Lockhart sought "[a]ll monies including the $80,000.00 promised in [the] original action plus 10% apr. [sic] interest since the initiation of the contractual agreement . . . ." *Id.* at 14.

[3] On May 23, 2018, prior to filing any responsive pleading, Eutz moved to dismiss Lockhart's complaint in part and moved for a more definitive statement from Lockhart in part.  Specifically, Eutz requested the court to dismiss Lockhart's 42 U.S.C. § 1983 claims because Lockhart's complaint "failed to allege with any specificity as to how Eutz's actions caused or participated in a deprivation of Plaintiff's rights." *Id.* at 15.  Eutz further requested dismissal of Lockhart's "claims under the various federal and state codes . . . cite[d] . . . in [the] Complaint . . . as . . . they do not provide a private right of action for Plaintiff." *Id.* at 16.  And, "[i]n relation to any claims that appear to be allegations of a breach of contract," Eutz continued, "Plaintiff should be required to comply with Indiana Trial Rule 9.2(A) to amend his Complaint and include the omitted written instrument." *Id.* at 15.

[4] On April 14, Lockhart timely responded and moved to amend his complaint to attach the contract and other correspondence between Lockhart and Eutz. According to the contract:

3       From June 04, 2012[,] to December 30, 2013[,] [P]en [P]roducts employed [Lockhart] to work at Miami Accessible Media Project.  [Eutz] employed [Lockhart] at the request of Mr. Mark Sevier[,] Superintendent of Miami Correctional Facility. . . .

4       [Eutz] was very aware that [Lockhart had] made complaints against [Eutz].  [Eutz] did have meetings with Mr. Sevier on [Lockhart's] and others['] complaints about [Eutz's] behavior.

5       [Lockhart] was certified in Braille Transcription . . . .

6       [Lockhart] did transcribe books for various agencies. . . .

7       It was brought to [Eutz] that [Lockhart] is a witness and involved in litigation involving [Eutz] and [P]en [P]roducts in several different cases. . . .

8       On December 26, 2013[,] . . . [Eutz,] during a heated conversation . . . while on medication[,] did strike [Lockhart with] the cameras shut off.  [Eutz] was clouded due to the medication.  [Eutz] believes that he did not strike Lockhart with much force.  [Eutz] further would not allow [Lockhart] to see medical or discuss the issue with [P]en [P]roducts officers.  At around 1:00 p.m. [Eutz] tried to apologize to [Lockhart;] however[,] [Lockhart] was not receptive. . . .

9       On January 09, 2014[, Eutz] mailed [Lockhart] a letter out of anger.  Said letter was threatening.  [Eutz] had an offender write said letter[.  Eutz] did mail this from . . . Indianapolis.

10       [Eutz] was questioned by internal affairs on several occasions[.  Eutz] was not truthful with the investigators.

11      [Eutz] has viewed the evidence of [Lockhart] on this case and feels it is now in the best interest to settle the matter in question.

12      [Lockhart] agrees not to testify in any other matters dealing with other litigations against [Eutz].

It is agreed by both parties that [Eutz] and [Lockhart] settle in the amount of [$80,000]. . . .

*Id.* at 54-56.  The contract shows that both parties executed it before notaries public.

[5]     Lockhart also moved to attach various correspondence between him and Eutz both before and after the formation of the contract.  In particular, in a letter to Lockhart dated May 6, 2016, after the execution of the contract, Eutz stated that "[t]he only way I will make any payments to you is for the entire case to be dismissed" as to all defendants "and I receive the original agreement." *Id.* at 61.  Eutz further stated that Lockhart was "not to discuss any of the events or conversations that took place in the braille shop." *Id.*

[6]     Eutz did not object to Lockhart's motion to amend his complaint to attach the contract and correspondence.  Nonetheless, on May 29, 2018, the trial court granted Eutz's motion to dismiss as to all counts—including breach of contract—and denied Lockhart's motion to amend his complaint.  This appeal ensued.

# Discussion and Decision

On appeal, Lockhart contends that the trial court erred when it dismissed his complaint under Indiana Trial Rule 12(B)(6) for failure to state a claim upon which relief can be granted. "A 12(B)(6) motion tests the legal sufficiency of the complaint," and we review the trial court's judgment under Rule 12(B)(6) *de novo*. *Esserman v. Ind. Dep't of Envtl. Mgmt.*, 84 N.E.3d 1185, 1188 (Ind. 2017). As our Supreme Court has explained:

> In reviewing a 12(B)(6) motion to dismiss, we look at the complaint in the light most favorable to the plaintiff, with every inference drawn in [his] favor, to determine if there is any set of allegations under which the plaintiff could be granted relief. A 12(B)(6) dismissal is improper unless it appears to a certainty on the face of the complaint that the complaining party is not entitled to any relief. Dismissals under T.R. 12(B)(6) are rarely appropriate. Though Indiana's notice pleading rules do not require the complaint to state all elements of a cause of action, the plaintiff must still plead the operative facts necessary to set forth an actionable claim.

*State v. Am. Fam. Voices, Inc.*, 898 N.E.2d 293, 295-96 (Ind. 2008) (citations, quotation marks, and footnote omitted). And, when a complaint arises out of a written instrument that should be attached to the complaint pursuant to Trial Rule 9.2(A), it is "[t]he complaint itself, and not simply the written instrument," that "must give the defendant some minimal notice of the plaintiff's claim." *Noblesville Redev. Comm'n v. Noblesville Assocs. Ltd. P'ship*, 674 N.E.2d 558, 564-65 (Ind. 1996).

[8]   We initially note the limited scope of Lockhart's argument on appeal. Although his complaint identifies numerous federal and state statutes along with various common-law causes of action, on appeal Lockhart argues that the trial court erred *only* with respect to Lockhart's breach-of-contract claim. In particular, the clear thrust of Lockhart's argument on appeal is that the trial court erred when it dismissed his complaint for not having properly attached the contract and denied Lockhart's request to amend the complaint to attach the contract. Those arguments are only relevant to his breach-of-contract claim.

[9]   The State's brief on appeal, by contrast, argues that the trial court correctly dismissed the statutory and common-law causes of action but *omits* any reference to Lockhart's original breach-of-contract claim.[1] As Lockhart does not argue that the trial court erred when it dismissed his claims under the non-breach-of-contract theories, we do not consider them. And, as the State does not respond to Lockhart's argument that the trial court erred when it dismissed his original breach-of-contract claim, we review Lockhart's argument on that issue for *prima facie* error. *E.g.*, *Cox v. State*, 780 N.E.2d 1150, 1162 (Ind. Ct. App 2002).

---

[1] The State asserts that Lockhart's proposed amended complaint would have narrowed his breach-of-contract claim to a claim under the statute of frauds and that, as the subject matter of the contract does not relate to real property, the amended breach-of-contract claim too must fail. We need not consider this argument as we hold that the trial court erred when it dismissed Lockhart's originally pleaded breach-of-contract claim.

[10] There is no dispute that Lockhart's original complaint, while less than clear, was sufficient to put Eutz on notice of a breach-of-contract claim. Indeed, prior to filing any responsive pleading, Eutz moved not to dismiss that claim but to require Lockhart to more clearly present it by attaching the contract to the complaint. Lockhart then moved to amend the complaint by attaching the contract, but the trial court instead dismissed Lockhart's complaint in its entirety.

[11] Indiana Trial Rule 15(A) unambiguously states that "[a] party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ." Accordingly, Lockhart was entitled to amend his complaint by attaching the contract, which would have satisfied Eutz's concern to have Lockhart provide a more definite statement on the breach-of-contract claim. *See also* Ind. Trial Rule 9.2(F). Indeed, the State does not suggest on appeal that Rule 15(A) should not have applied here; rather, it simply asserts that attaching the contract to Lockhart's original complaint would have been futile. We cannot agree as, again, there is no dispute that Lockhart's original complaint sufficiently stated a claim for breach of contract. Accordingly, we reverse the trial court's dismissal of Lockhart's original complaint on his claim for breach of contract and we remand for further proceedings.[2]

---

[2] While we hold that Lockhart's breach-of-contract claim should not have been dismissed, we express no opinion on the merits of his claim.

Reversed and remanded for further proceedings.

Pyle, J., and Altice, J., concur.