# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 26 2019, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

F. Aaron Negangard
Chief Deputy Attorney General

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Larkins,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

June 26, 2019

Court of Appeals Case No.
18A-CR-2820

Appeal from the Marion Superior Court

The Honorable Marc T. Rothenberg, Judge

Trial Court Cause No.
49G02-1708-F1-30662

**Crone, Judge.**

# Case Summary

[1]    Anthony Larkins appeals his thirty-one-year aggregate sentence for level 1 felony attempted murder and class A misdemeanor carrying a handgun without being licensed. Larkins asserts that the trial court abused its discretion in failing to find his mental illness as a significant mitigating circumstance. We affirm.

# Facts and Procedural History

[2]    On August 7, 2017, Andrew Black hosted a barbecue at his Indianapolis apartment and invited his recent acquaintance, Teddy Dunbar, Jr., to attend. Shortly thereafter, MacReynolds, Javon Lewis, and Larkins arrived at Black's apartment. Dunbar had known MacReynolds and Larkins for years. While at the barbecue, a group including Larkins, Dunbar, MacReynolds, and Lewis "[j]ust hung out. Just talked." Tr. Vol. 2 at 36. MacReynolds, Lewis, and Larkins all carried semiautomatic pistols, but no one at the barbecue could recall any issues between any of the men. There were no arguments or physical altercations. After about an hour, the trio left the barbecue.

[3]    Larkins called Dunbar about fifteen minutes after departing the barbecue, wanting to know where Dunbar was and if he could buy marijuana from him. Dunbar told him that he was sitting in his truck outside Black's apartment. Larkins returned alone and parked his vehicle next to Dunbar's truck, now occupied by Dunbar and Black. He walked around the back of Dunbar's truck to the open driver's side window. Larkins began to say, "[H]ey man[,]" when he abruptly fired multiple shots into Dunbar at point-blank range. *Id.* at 64.

Dunbar suffered nine gunshot wounds from five shots to his neck, chest, and abdomen. Black was startled by the gunshots and took off running. Larkins ran back to his car and drove away. Dunbar survived the attack. Police arrived at Black's apartment along with medics, who took Dunbar to the hospital.

[4] The State charged Larkins with level 1 felony attempted murder, level 5 felony battery with a deadly weapon, and class A misdemeanor carrying a handgun without being licensed. The trial court granted Larkins's request to appoint two medical professionals to evaluate him for competency to stand trial and for a potential insanity defense. Drs. Don Olive and George Parker evaluated Larkins; both found that while he did have certain mental health issues, he was competent to stand trial and was not affected by any mental illness during the commission of the crimes.[1] A jury convicted Larkins as charged, and the trial court vacated the level 5 felony conviction.

[5] At sentencing, Larkins argued that his mental illness should be a mitigating factor. The trial court found Larkins's criminal history and the nature and circumstance of the crimes as aggravators. The trial court stated that the aggravators "slightly outweigh[ed]" the lone mitigator—hardship on Larkins's

---

[1] Dr. Olive reported diagnostic impressions of unspecified schizophrenia and other psychotic disorder, cannabis use disorder, and features of antisocial personality disorder, while Dr. Parker reported that Larkins meets the criteria for diagnoses of borderline intellectual functioning and unspecified psychosis. Ultimately, Dr. Olive concluded that Larkins understood what he was doing and was in control of his actions at the time of the offense. Dr. Parker opined that Larkins did not suffer from a mental disease during the commission of the crime.

dependents. Tr. Vol. 3 at 82. A level 1 felony carries a sentence of imprisonment for a term between twenty and forty years, with the advisory sentence being thirty years. Ind. Code § 35-50-2-4(b). A class A misdemeanor carries a sentence of imprisonment for a term not exceeding one year. Ind. Code § 35-50-3-2. The trial court sentenced Larkins to thirty years on the level 1 felony and one year on the class A misdemeanor, to be served consecutively, all executed. This appeal followed.

# Discussion and Decision

[6] Larkins contends that the trial court erred by not considering his mental illness as a mitigating factor. "Generally speaking, sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion." *Singh v. State*, 40 N.E.3d 981, 987 (Ind. Ct. App. 2015), *trans. denied* (2016).[2] An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Anglemeyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

---

[2] Citing *Cox v. State*, 780 N.E.2d 1150 (Ind. Ct. App. 2002), Larkins asserts that failure to give "[d]ocumented mental illness" mitigating weight is prima facie error. Appellant's Br. at 9. We disagree. The court in *Cox* employed the prima facie error standard because the State had failed to respond to the defendant's argument regarding his mental illness; which is akin to failing to file a brief. Here, the State has responded to Larkins's argument regarding his mental illness. As such, we apply the abuse of discretion standard of review.

[7] "[W]hile a sentencing court must consider all evidence of mitigating circumstances presented by a defendant, the finding of mitigating circumstances rests within the sound discretion of the court." *Newsome v. State*, 797 N.E.2d 293, 301 (Ind. Ct. App. 2003), *trans. denied* (2004). One way a trial court may abuse its discretion is by failing to consider or identify mitigating factors that are significant and clearly supported by the record, and advanced for consideration during sentencing. *Anglemeyer*, 868 N.E.2d at 490-91, 493. A trial court is not obligated to find a circumstance as mitigating simply because it has been advanced by the defendant. *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000). Furthermore, a trial court is not required to consider alleged mitigating circumstances that are highly disputable in nature, weight, or significance. *Newsome*, 797 N.E.2d at 301. A trial court does not have to explain why it has found a factor does not exist. *Anglemeyer*, 868 N.E.2d at 493.

[8] Our supreme court has outlined factors to consider when assessing the effect of a defendant's mental illness on sentencing: (1) the extent of the defendant's inability to control his behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime. *Weeks v. State*, 697 N.E.2d 28, 30 (Ind. 1998). We cannot say that Larkins has established that his mental illnesses—as described above—were longstanding, or that they affected his abilities to function and to control his behavior. Likewise, Larkins has failed to establish a nexus between the

commission of his crimes and his impairments. We conclude that the trial court did not abuse its sentencing discretion.

[9] Even if the trial court had abused its discretion by omitting mental illness as a mitigating factor, there would be no need to remand for resentencing. The trial court gave Larkins the advisory sentence of thirty years despite finding that the aggravating circumstances outweighed the mitigator. Put differently, the trial court gave Larkins a sentence that does not reflect the aggravated nature of his offenses. Therefore, we affirm.

[10] Affirmed.

Bradford, J., and Tavitas, J., concur.