Jon P. VanMATRE, Appellant–Defendant,

v.

STATE of Indiana, Appellee.

No. 48A02–9806–CR–476.

Court of Appeals of Indiana.

May 11, 1999.

Mark Maynard, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Andrew L. Hedges, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Jon VanMatre (VanMatre), appeals his jury convictions for Intimidation, a Class C Felony,[1] and Attempted Pointing a Firearm, a Class D Felony.[2]

We affirm in part and reverse in part.

Upon appeal, VanMatre contends that neither conviction is supported by sufficient evidence.

On the morning of Sunday, January 28, 1996, Sergeant Tom Brown (Brown) of the Anderson Police Department was dispatched to Mounds Beer and Whiskey Dock (Mounds), a liquor store and warehouse located in Anderson. Officers first met with the complainant, Al Kearns, at a parking lot approximately two blocks east of Mounds. Mr. Kearns reported that he was concerned for the safety of Lindra Lewis (Lewis), an employee at Mounds. Approaching the liquor store, Brown observed VanMatre standing near the counter area with Lewis. Brown saw Lewis on the telephone; she appeared visibly upset, as she was crying, shaking and red-faced. The doors to the store were locked. Officers asked Lewis to open the doors, but she indicated by shaking her head that she could not comply. After Lewis terminated her telephone conversation, police dispatchers called the store and spoke with Lewis.

In response to VanMatre's expressed fears that he would be arrested, Brown specifically told the defendant that the police were not there to arrest him. Eventually, VanMatre unlocked the door at Sergeant Brown's request. Facing Brown, VanMatre stepped back from the doors. Brown pushed open

---

1. I.C. 35–45–2–1(b)(2) (Burns Code Ed. Repl. 1998). Pursuant to this statute, the offense is elevated to a Class C felony if, "while committing it, the person draws or uses a deadly weapon."

2. I.C. 35–41–5–1(a) (Burns Code Ed. Repl.1998) ("An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted."); I.C. 35–47–4–3 (Burns Code Ed. Repl.1998) ("A person who knowing or intentionally points a firearm at another person commits a Class D Felony.").

the door and entered the store. At least two other officers entered directly behind Brown. The defendant took four or five steps backwards before stopping. Brown stopped as well, standing approximately eighteen to twenty-four inches from VanMatre.

VanMatre wore a baggy, heavy-knitted sweater that covered the waistband of the defendant's pants. Sergeant Brown observed VanMatre reach his right hand underneath his sweater. Brown then reached out towards VanMatre and felt a hard object, which he believed to be a firearm, secured within the defendant's waistband and beneath his sweater. Simultaneously, VanMatre began withdrawing the weapon. The defendant held the gun, a thirty-eight caliber revolver, with his right hand on the grip and his index finger on the trigger guard. VanMatre pulled the revolver in "a rising motion sweeping toward" Brown. Record at 222. With his right hand, Sergeant Brown grabbed the barrel and cylinder of the revolver, which was raised to a level position but pointed off to the side of the officer. Brown pulled and threw the revolver away from VanMatre. At the same time, he pushed and tackled the defendant; both men fell to the floor. VanMatre, who landed on his stomach, struggled with the officers. He was eventually handcuffed. Officers discovered that six metal jacketed hollow point bullets were loaded in the revolver. VanMatre was taken directly to the county police department and jailed.

On February 1, 1996, the State filed a six count information against VanMatre, charging him with two counts of Intimidation,[3] one count of Attempted Pointing a Firearm, one count of Resisting Law Enforcement,[4] one count of Battery[5] and one count of Criminal Confinement.[6] Specifically, the State charged Count II, Intimidation as a Class C felony, as follows:

"On or about the 20th day of January, 1996, in Madison County, State of Indiana, JON P. VANMATRE did communicate a threat to another person, to-wit: Tom Brown, a law enforcement officer with the Anderson Police Department, with intent that Tom Brown be placed in fear of retaliation for a prior lawful act, to-wit: preparing to arrest JON P. VANMATRE, and in so doing, JOHN P. VANMATRE did draw or use a deadly weapon, to-wit: a loaded .38 caliber revolver." Record at 38.

A trial by jury commenced on September 4, 1997. On September 9, 1997, the jury found VanMatre guilty on Count II, Intimidation as a Class C felony, and Count III, Attempted Pointing a Firearm. The defendant was found not guilty on Counts I, IV and VI.[7] A sentencing hearing was conducted on November 12, 1997. Notwithstanding some ambiguity in the entry, the court ordered VanMatre to serve four years of incarceration on Count II and three years of incarceration on Count III, with the sentences to run concurrently. The trial court ordered two years of VanMatre's sentence to be served on in-home detention, suspended the remaining two years and placed the defendant on probation for two years upon his release from in-home detention.[8]

 In reviewing claims of insufficient evidence, we consider only the evidence supporting the verdict and any reasonable inferences to be drawn therefrom. *Casey v. State* (1997) Ind.App., 676 N.E.2d 1069, 1072. We

---

3. One Intimidation count was charged as a Class D felony; the second was charged as a Class C felony.

4. I.C. 35–44–3–3(a)(1) (Burns Code Ed. Repl. 1998).

5. I.C. 35–42–2–1(a)(1) (Burns Code Ed. Repl. 1998).

6. I.C. 35–42–3–3(1) (Burns Code Ed. Repl.1998). Count VI, Criminal Confinement, was initially charged as a Class D felony; however, the State on September 4, 1997, filed an amended information charging the offense as a Class B felony.

7. On defendant's motion and without objection from the State, Count V charging Battery was severed on September 4, 1997.

8. The ambiguity exists in the fact that the home detention and two-year probation appears to be a part of the three-year sentence on Count III.

In his Appellant's Brief, VanMatre indicates that his sentence was subsequently modified to suspend his entire remaining sentence and that he has been placed on probation.

neither reweigh the evidence nor judge witness credibility. *Id.* We will affirm a conviction if there is substantial evidence of probative value from which a reasonable trier of fact could have concluded that the defendant was guilty beyond a reasonable doubt of the crime charged. *Williams v. State* (1997) Ind.App., 677 N.E.2d 1077, 1083. If a conviction is reversed due to insufficient evidence, double jeopardy attaches and retrial of the overturned conviction is barred. *Id.* at 1082.

## I. *INTIMIDATION*

■ VanMatre argues that the evidence was insufficient to prove that he either communicated a threat to Brown or, even if a threat was communicated, that he possessed the intent to place Brown in fear of retaliation for any prior lawful act. In order to prove Intimidation in the instant case, the State was required to allege and prove that the defendant: (1) communicated a threat; (2) to another person; (3) with the intent that the other person be placed in fear of retaliation for a prior lawful act; (4) while armed with a deadly weapon. *Casey, supra,* 676 N.E.2d at 1072. In *Casey, supra* at 1072, we noted that, "the State must establish that the legal act occurred prior to the threat and that the defendant intended to place the victim in fear of retaliation for that act."

■ Here, the State alleged that VanMatre threatened Sergeant Brown with a revolver with an intent to place Brown in fear of retaliation for the officer's prior lawful act of "preparing to arrest [VanMatre]." Record at 38. However, no evidence in the record or any reasonable inference drawn therefrom supports the assertion that police prepared to arrest VanMatre before the defendant drew the revolver from his waistband. In fact, testimony supports the opposite inference, i.e., that the officers did not intend to arrest VanMatre before the revolver was drawn. Sergeant Brown testified at trial that, before VanMatre unlocked the doors to the store, he told the defendant, " 'I'm not

going to arrest you.... No, ... I want to make sure [Lewis] gets out, then you can stay in there as long as you want, you know." ' Record at 218–19. Brown later elaborated that, "Well, several times when I asked [VanMatre] to unlock the door, he would respond with, 'Are you going to arrest me? I know you're going to arrest me,' .... And then I would respond with, 'No, we're not." ' Record at 233–34. We conclude that the evidence is insufficient to support VanMatre's conviction for Intimidation as the crime was charged in Count II of the State's information. Therefore, the defendant's conviction on that count must be reversed.[9]

## II. *ATTEMPTED POINTING A FIREARM*

■ VanMatre next asserts that evidence was insufficient to prove that he possessed the requisite intent for the crime of Attempted Pointing a Firearm. In order to sustain VanMatre's conviction, the evidence must demonstrate that the defendant knowingly or intentionally engaged in conduct which constituted a substantial step toward commission of the crime of pointing a firearm. As we acknowledged in *Isom v. State* (1992) Ind. App., 589 N.E.2d 245, 247, *trans. denied,* "[i]ntent is a mental function; therefore absent an admission, the trier of fact must resort to reasonable inferences based upon an examination of the surrounding circumstances to determine whether, from the person's conduct and the natural consequences thereof, a showing or inference of intent to commit that conduct exists."

■ In the instant case, Sergeant Brown, standing approximately two feet away from VanMatre, observed the defendant, with his index finger on the trigger guard, pull a revolver from beneath his sweater and raise it in a sweeping motion to a level position pointed off to Brown's side. The defendant's actions took place while Brown and other police officers conducted an investigation in-

9. Had the State alleged that the prior lawful act was the police officers' investigation or questioning concerning the safety of Lewis, we might have reached a different conclusion as to the Intimidation charge. However, the conviction cannot stand, despite the State's attempt to re-

characterize the charge as "retaliation if [Brown] continued to approach [VanMatre]." Appellee's Brief at 4. The State clearly alleged that Brown's prior lawful act was the officer's preparation to arrest VanMatre, not the officer's continued advancements towards the defendant.

volving the defendant's behavior towards a visibly upset employee locked in alone with the defendant inside their place of employment. Based upon VanMatre's conduct, the natural consequences thereof and the circumstances at hand, the fact finder could reasonably have inferred that the defendant knowingly or intentionally acted to point the revolver at Sergeant Brown and took a substantial step towards committing the crime of pointing a firearm by pulling the revolver from his waistband and beginning to raise it in the direction of Officer Brown. Therefore, we conclude that sufficient evidence supports the defendant's conviction for Attempted Pointing a Firearm.

We reverse VanMatre's conviction on Count II for Intimidation and remand to the trial court with instructions to vacate such conviction. As to VanMatre's conviction for Attempted Pointing a Firearm, the judgment is affirmed.

RUCKER, J., and DARDEN, J., concur.