Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 06 2015, 8:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**SUZY ST. JOHN**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JESSE R. DRUM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JENNIFER SUITS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1404-CR-219 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT 16
The Honorable Helen Marchal, Judge.
Cause No. 49G16-1402-CM-6505

**January 6, 2015**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Jennifer Suits ("Suits") was convicted in Marion Superior Court of Class B misdemeanor battery. Suits appeals and argues that the trial court abused its discretion when it admitted evidence obtained during the warrantless entry of her home.

We affirm.

**Facts and Procedural History**

On or about February 9, 2014, at approximately 3:00 a.m., Indianapolis Metropolitan Police Officer John King ("Officer King") and a fellow officer were dispatched to 4251 Cossell Road, Unit 1 concerning a report of a "disturbance between a male and a female." Tr. p. 6. The apartment at that address is one of multiple units located in a house. When the officers arrived, they initially went to the wrong address. However, Officer King was "flagged down" by an older man, later identified as Roy Campbell ("Roy"). Tr. p. 7.

Roy, who appeared to be upset and angry, directed the officers to Unit 1 and stated, "[N]o[,] they are over here." Tr. p. 9. Roy also said, "[S]he is up there beating on my son." Tr. p. 12. Officer King asked Roy where Suits and his son were located and Roy replied, "[T]hey are upstairs." Id. Roy then let the officers into the apartment.

Upon entering the apartment, Officer King could hear a female upstairs "screaming very loudly." Tr. p. 16. The officer began walking up the stairs. Officer King looked up and saw Suits punching her fiancé, Robert Campbell. As Suits punched Robert's torso, Robert had his arms up defensively and was attempting to back away from Suits. Tr. p. 18. Suits was belligerent and appeared to be intoxicated.

2

Suits was arrested and charged with Class A misdemeanor domestic battery and Class A misdemeanor battery. A bench trial was held on March 4, 2014. At trial, Suits objected to Officer King's testimony concerning what he observed after entering her apartment and claimed that the officer's warrantless entry into her apartment violated the Fourth Amendment and Article, 1, Section 11 of the Indiana Constitution. The trial court overruled Suits's objection.

The trial court found Suits guilty of battery, as a Class B misdemeanor, and dismissed the domestic battery charge. Suits was ordered to serve 180 days in the Marion County Jail, with 176 days suspended to probation. She was also ordered to complete twelve weeks of anger management counseling. Suits now appeals. Additional facts will be provided as necessary.

**Standard of Review**

Suits argues that the trial court abused its discretion when it admitted Officer King's testimony concerning Roy Campbell's statements and evidence obtained during the officer's warrantless search of her apartment. A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. J.K. v. State, 8 N.E.3d 222, 228 (Ind. Ct. App. 2014). A trial court abuses its discretion when its decision is clearly against the logic and effect of the facts and circumstances or when the trial court has misinterpreted the law. Id.

**I. Roy Campbell's Statements**

First, Suits argues that the trial court abused its discretion when it admitted Officer King's testimony concerning Roy Campbell's statements. Suits argues that Roy's

3

statements are inadmissible hearsay.  Hearsay is a statement that "(1) is not made by the declarant while testifying at the trial or hearing; and (2) is offered in evidence to prove the truth of the matter asserted." Ind. Evidence Rule 801.  Hearsay is generally inadmissible.  Ind. Evidence Rule 802.

Roy directed Officer King to the correct apartment and stated to the officer, "[S]he is up there beating on my son."  Tr. p. 12.  It is evident from the record that the State desired to elicit this testimony from Officer King, at least in part, to explain why the officer entered Suits's apartment.  "An out-of-court statement introduced to explain why a particular course of action was taken during a criminal investigation is not hearsay because it is not offered to prove the truth of the matter asserted."  Goodson v. State, 747 N.E.2d 1181, 1185 (Ind. Ct. App. 2001), trans. denied. However, out-of-court statements presented under this rationale are viewed with skepticism.  See Kindred v. State, 973 N.E.2d 1245, 1252–55 (Ind. Ct. App. 2012), trans. denied.  Evidence offered solely for this purpose is often irrelevant and tends to create the possibility of unfair prejudice to the defendant.  Id.

Roy's statement to Officer King was relevant to the issue of whether the officer's warrantless entry into Suits's apartment was constitutionally proper.  The statement was not offered to prove that Suits battered Robert Campbell, and the trial court did not rely on that testimony to find Suits guilty of battery.  Tr. pp. 36-37.  Even if the trial court had not specifically recounted the evidence it considered to determine Suits's guilt, we may generally presume "that in a proceeding tried to the bench a court renders its decisions solely on the basis of relevant and probative evidence."  Konopasek v. State, 946 N.E.2d

23, 28 (Ind. 2011). For all of these reasons, we conclude that Suits has not established that the trial court committed reversible error when it admitted Officer King's testimony concerning Roy Campbell's statement.[1]

## II. Warrantless Search

Suits also argues that the police officer's warrantless entry into her apartment violated both the Fourth Amendment and Article 1, Section 11 of the Indiana Constitution. The constitutionality of a search is a question of law, which we review de novo. Kelly v. State, 997 N.E.2d 1045, 1050 (Ind. 2013).

A. *Fourth Amendment*

The fundamental purpose of the Fourth Amendment to the United States Constitution is to protect the legitimate expectations of privacy that citizens possess in their persons, their homes, and their belongings. Taylor v. State, 842 N.E.2d 327, 330 (Ind. 2006) (citing Ybarra v. Illinois, 444 U.S. 85, 91 (1979)). Therefore, subject to certain reasonable exceptions, "searches and seizures inside a home without a warrant are presumptively unreasonable." Kentucky v. King, 131 S.Ct. 1849, 1856 (2011) (citation omitted). Whether a particular warrantless search violates the guarantees of the Fourth

---

[1] At trial, the State argued, and the trial court agreed, that Roy Campbell's statement fell under the hearsay exception for excited utterances. For a statement to be admitted under Indiana Rule of Evidence 803(2), the exception for an excited utterance, three elements must be shown: (1) a startling event, (2) a statement made by a declarant while under the stress of excitement caused by the event, and (3) that the statement relates to the event. Fowler v. State, 829 N.E.2d 459, 463 (Ind. 2005). "The ultimate issue is whether the statement is deemed reliable because of its spontaneity and lack of thoughtful reflection and deliberation." Id. Roy Campbell knew that Suits hit his son, but from the record before us, we cannot conclude whether he actually witnessed the event and was therefore "under the stress of excitement caused by the event."

5

Amendment depends on the facts and circumstances of each case. Rush v. State, 881 N.E.2d 46, 50 (Ind. Ct. App. 2008).

The existence of exigent circumstances is a recognized exception to the warrant requirement. Id.; see also Holder v. State, 847 .E.2d 930, 936 (Ind. 2006) (stating that a warrant is unnecessary when the "exigencies of the situation make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment") (citation omitted).

Police officers may enter a residence without a warrant if the situation suggests a reasonable belief that someone inside the residence is in need of aid. Smock v. State, 766 N.E.2d 401, 404 (Ind. Ct. App. 2002) (citation omitted). The State bears the burden of establishing that the circumstances as they appear at the moment of entry would lead a reasonable, experienced law enforcement officer to believe that someone inside the house or apartment required immediate assistance. Cudworth v. State, 818 N.E.2d 133, 137 (Ind. Ct. App. 2004), trans. denied; see also Mincey v. Arizona, 437 U.S. 385, 392 (1978) (stating that police may enter a residence without a warrant "when they reasonably believe that a person within is in need of immediate aid"). Moreover, "while exigent circumstances justify dispensing with a search warrant, they do not eliminate the need for probable cause." Id. The probable cause element may be satisfied where the officers reasonably believe that a person is in danger. Id.

Responding to report of a "disturbance between a male and a female," Officer King was "flagged down" by Roy Campbell, who told the officer, "[S]he is up there beating on my son." Tr. pp. 6-7, 12. Roy let Officer King into the apartment, and the

6

officer heard a female, later identified as Suits, upstairs yelling loudly. From this information, it was reasonable for Officer King to believe both that Roy had authority to invite the officer into the apartment[2] and that a person inside the apartment was in need of assistance. Because the State established the existence of an exigent circumstance, we conclude that the warrantless entry and search of Suits's apartment did not violate her Fourth Amendment rights.

B. *Article 1, Section 11*

Suits also contends that the warrantless search violated Article 1, Section 11 of the Indiana Constitution. The purpose of Article 1, Section 11 of the Indiana Constitution is "to protect from unreasonable police activity, those areas of life that Hoosiers regard as private." Brown v. State, 653 N.E.2d 77, 79 (Ind. 1995). Our state provision tracks the language of the Fourth Amendment to the United States Constitution verbatim. Litchfield v. State, 824 N.E.2d 356, 359 (Ind. 2005). However, the constitutionality of a search turns on an evaluation of police conduct under the totality of the circumstances. Id.

The reasonableness of a search is determined by balancing "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." Id. at 361. The burden is on the State to show that

---

[2] Under the doctrine of apparent authority, a search is lawful if the facts available to the officer at the time would "'warrant a man of reasonable caution in the belief' that the consenting party had authority over the premises." Illinois v. Rodriguez, 497 U.S. 177, 188-89 (1990) (quoting Terry v. Ohio, 392 U.S. 1, 21-22 (1968)). Because we conclude that exigent circumstance existed, we need not specifically apply the doctrine of apparent authority to the search at issue in this appeal.

under the totality of the circumstances, the police intrusion was reasonable. State v. Gerschoffer, 763 N.E.2d 960, 965 (Ind. 2002).

Although the degree of intrusion was high, i.e. warrantless entry into a private residence, the remaining considerations lead to the conclusion that Officer King's entry into the apartment was reasonable. The officer was dispatched to the apartment and "flagged down" by Roy Campbell. Roy told Officer King that Suits was beating up his son. From this the officer reasonably believed that the victim, later identified as Robert Campbell, was in need of assistance and police intervention was necessary. Moreover, Roy let Officer King into the apartment, and given Roy's relationship to the victim, it was not unreasonable for the officer to believe that Roy had authority to invite the Officer King into the residence. For all of these reasons, we conclude that Officer King's warrantless search of Suits's apartment was reasonable and did not violate Article 1, Section 11.

## Conclusion

Suits's rights under the Fourth Amendment and Article 1, Section 11 were not violated by Officer King's warrantless entry and subsequent search of Suits's apartment. Therefore, the trial court did not abuse its discretion when it admitted Officer King's testimony that when he entered the apartment he saw Suits punching the victim.

Affirmed.

NAJAM, J., and BRADFORD, J., concur.