

**FILED**

Feb 12 2015, 7:19 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jeremy Fitzgerald,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 12, 2015

Court of Appeals Case No.
49A02-1407-CR-507

Appeal from the Marion Superior
Court
The Honorable Sheila A. Carlisle,
Judge
The Honorable Stanley Kroh,
Magistrate
Case No. 49G03-1404-FB-20344

**Bradford, Judge.**

# Case Summary

[1] On April 19, 2014, Melanie Jones and her friend Appellant-Defendant Jeremy Fitzgerald staged a fake robbery in an apparent attempt to conceal Jones's theft of money from her employer. According to the scheme concocted by Jones,

Fitzgerald would run from Jones's vehicle and Jones would act as if she had been robbed. Jones would then claim to be unable to identify the perpetrator. The scheme, however, did not go as planned because a Good Samaritan, Matthew Bingham, intervened in an attempt to thwart the apparent robbery. Bingham chased after and ultimately detained Fitzgerald until police caught up with the men and placed Fitzgerald under arrest. Appellee-Plaintiff the State of Indiana (the "State") subsequently charged Fitzgerald with Class C felony intimidation for actions committed by Fitzgerald against Bingham once Bingham had detained him.

[2] On appeal, Fitzgerald challenges his conviction claiming that the detainment of him by Bingham did not amount to a lawful "citizen's arrest" and, as such, he was entitled to employ reasonable force to defend himself against the unlawful detention. Fitzgerald further challenges his conviction claiming that the State failed to disprove his self-defense claim. Upon review, we conclude that the detainment of Fitzgerald by Bingham did not amount to a lawful "citizen's arrest." However, we further conclude that the State presented sufficient evidence to disprove Fitzgerald's self-defense claim. As such, we affirm Fitzgerald's conviction for Class C felony intimidation.

## Facts and Procedural History

[3] As Bingham exited the CVS store located at the corner of 16th Street and Meridian Streets in Indianapolis on April 19, 2014, he "heard a girl yelp." Tr. p. 22. Bingham looked toward the direction of the sound and saw a woman's

feet "hanging out of the driver's seat" of a black sports utility vehicle ("SUV"). Tr. p. 22. Bingham also saw a man, who was later identified as Fitzgerald, run away from the SUV. Bingham approached the SUV and asked the woman, who was later identified as Jones, if she was okay. Bingham observed that Jones appeared to have been sprayed in the face with pepper spray. Jones "muttered some stuff" and said that Fitzgerald "took her bag." Tr. p. 28.

[4] After speaking to Jones, Bingham began to run after Fitzgerald. Fitzgerald soon realized that he was being chased by Bingham. Upon making this realization, Fitzgerald continued to run. At some point during the chase, the men scaled a wrought iron fence. Bingham continued to chase Fitzgerald for approximately fifteen to twenty minutes. Eventually, Fitzgerald became "backed up into a corner." Tr. p. 40.

[5] Fitzgerald then turned toward Bingham, pulled a knife out of his pocket, and told Bingham to "get the f*** away from me" and "it's not what you think." Tr. p. 82. At the time, Bingham was five or six feet from Fitzgerald. After observing the knife, Bingham retreated to a distance of approximately eight to ten feet from Fitzgerald. Indianapolis Metropolitan Police Officer Kollin Anslow subsequently arrived at the scene and placed Fitzgerald under arrest.

[6] Jones, whose eyes had swollen shut after being sprayed in the face with pepper spray, was transported to Methodist Hospital after complaining that she was experiencing difficulty breathing. Indianapolis Metropolitan Police Detective Gregory Scheid, the lead detective charged with investigating the alleged

robbery, spoke to Jones at Methodist Hospital. Detective Scheid showed Jones a photo array of potential attackers. Jones, however, "declined" to identify anyone. Tr. p. 58.

[7] On April 23, 2014, the State charged Fitzgerald with Class B felony robbery and Class C felony intimidation. At some point after charges were filed, Detective Scheid "became suspicious of whether a robbery had actually taken place." Tr. p. 56. Detective Scheid spoke to Fitzgerald's mother, Donna Clevenger, who expressed confusion because Fitzgerald and Jones were friends and Jones "was denying that she knew who robbed her." Tr. p. 56. In the course of "follow[ing] up" on the statements made by Clevenger, Detective Scheid became convinced that "there actually had not been a real robbery that occurred that day." Tr. p. 56.

[8] Detective Scheid subsequently learned of missing deposits from the store at which Jones worked after speaking to a representative in the corporate headquarters for Jones's place of employment. Detective Scheid came to believe that Jones and her boyfriend, a manager at the store at which Jones worked named Brian, had conspired to steal money from the store. They had then conspired to "set up a robbery where they would be able to write-off the loss."[1] Tr. p. 57. The "wrench" in their plan was that Bingham chased down Fitzgerald "instead of him just getting away." Tr. p. 57. In light of the

---

[1] For reasons unknown, Fitzgerald agreed to play the part of the apparent robber.

information learned by Detective Scheid, the State subsequently decided to drop the robbery charge.

[9] On June 11, 2014, the trial court conducted a bench trial after which it found Fitzgerald guilty of Class C felony intimidation. The trial court subsequently sentenced Fitzgerald to a three-year term, with two years executed and one year suspended to probation. This appeal follows.

# Discussion and Decision

## I. Whether Bingham's "Citizen's Arrest" of Fitzgerald was Lawful

[10] "Indiana follows the general common law rule that 'a private citizen has the right to arrest one who has committed a felony in his presence, and may even arrest one he reasonably believes to have committed a felony, so long as the felony was in fact committed.'" *U.S. v. Hillsman*, 522 F.2d 454, 460-61 (7th Cir. 1975) (quoting *Surratt v. Petrol, Inc.*, Ind. App., 312 N.E.2d 487, 495 (1974). Specifically, Indiana Code section 35-33-1-4(a) provides as follows:

> Any person may arrest any other person if:
> (1) the other person committed a felony in his presence;
> (2) a felony *has been committed* and he has probable cause to believe that the other person has committed *that* felony; or
> (3) a misdemeanor involving a breach of peace is being committed in his presence and the arrest is necessary to prevent the continuance of the breach of peace.

(Emphases added). Stated another way,

> The private citizen's right to make an arrest … is limited by the fact that he, unlike a police officer, acts at his own peril. A police officer has the right to arrest without a warrant where he reasonably believes that a felony has been committed and that the person arrested is guilty, even if, in fact, no felony has occurred. A private citizen, on the other hand, is privileged to make an arrest only when he has reasonable grounds for believing in the guilt of the person arrested *and a felony has in fact been committed*.

*Hillsman*, 522 F.2d at 461 (citing *Smith v. State*, 258 Ind. 594, 597, 283 N.E.2d 365, 367 (1972); *Doering v. State*, 49 Ind. 56, 58 (1874); *Teagarden v. Graham*, 31 Ind. 422, 424 (1869)) (emphasis added).

In the instant matter, Bingham chased and detained Fitzgerald after forming the reasonable belief that Fitzgerald had robbed Jones. However, although Bingham reasonably believed that Fitzgerald had committed a felony, *i.e.*, a robbery, the fact of the matter is that no robbery had been committed. As such, pursuant to the above-quoted, long-standing precedent, we must conclude that Bingham's "citizen's arrest" of Fitzgerald was unlawful. Having concluded that Bingham's "citizen's arrest" of Fitzgerald was unlawful, we must next consider whether the trial court erred in finding that the State sufficiently rebutted Fitzgerald's self-defense claim.

## II. Whether the State Sufficiently Disproved Fitzgerald's Self-Defense Claim

On appeal, Fitzgerald contends that the trial court erred in finding that the State sufficiently rebutted his self-defense claim.

> A valid claim of self-defense is a legal justification for an otherwise criminal act. *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). "A

person is justified in using reasonable force against another person to protect himself or a third person from what he reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2 (2001). A claim of self-defense requires a defendant to have acted without fault, been in a place where he or she had a right to be, and been in reasonable fear or apprehension of bodily harm. *White v. State*, 699 N.E.2d 630, 635 (Ind. 1998).

*Henson v. State*, 786 N.E.2d 274, 277 (Ind. 2003).

[13] Once the defendant asserts a claim of self-defense, the State bears the burden of disproving the existence of one of the elements of the claim. *Mariscal v. State*, 687 N.E.2d 378, 381 (Ind. Ct. App. 1997), *trans. denied*. The State may rebut a claim of self-defense by affirmatively showing that the defendant did not act to defend himself or another by relying on the evidence elicited in the case-in-chief. *Id*. The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence challenge. [*Rodriguez v. State*, 714 N.E.2d 667, 670 (Ind. Ct. App. 1999), *trans. denied*].

*Wilcher v. State*, 771 N.E.2d 113, 116 (Ind. Ct. App. 2002).

[14] Upon a challenge to the sufficiency of the evidence, this court will not reweigh evidence or determine the credibility of witnesses. *VanMatre v. State*, 714 N.E.2d 655, 657-58 (Ind. Ct. App. 1999). Instead, we will look only to the evidence favorable to the judgment along with any reasonable inferences to be drawn therefrom. *Id*. at 657. If there is substantial evidence of probative value from which the jury could find guilt beyond a reasonable doubt, we will affirm the conviction. *Id*. at 658.

*Id*. at 116-17. A defendant's conviction will be upheld unless no reasonable person could say that the State negated the self-defense claim beyond a reasonable doubt. *Id*. at 116 (citing *Lilly v. State*, 506 N.E.2d 23, 24 (Ind. 1987); *Mariscal*, 687 N.E.2d at 381).

[15] The version of Indiana Code section 35-45-2-1(a)(1) in effect on the date in question provided that "[a] person who communicates a threat to another person, with the intent … that the other person engage in conduct against the other person's will … commits intimidation, a Class A misdemeanor." However, the offense is a … Class C felony if … while committing it, the person draws or uses a deadly weapon." Ind. Code § 35-45-2-1(b)(2)(A). In alleging that Fitzgerald committed Class C felony intimidation, the State alleged that Fitzgerald communicated to Bingham,

> a threat to commit a forcible felony, that is: an implied threat to stab or cut [Bingham], ordering him to 'Get the [f***] away from me" or words to that effect, with the intent that [Bingham] engage in conduct against his will, that is: to force [Bingham] to terminate his pursuit and/or apprehension of [Fitzgerald] who he believed had committed a crime, and while making said threat [Fitzgerald] did draw or use a deadly weapon, that is: by pulling and brandishing a knife at [Bingham] while making said threat[.]

Appellant's App. p. 32.

[16] Fitzgerald does not challenge the sufficiency of the evidence to prove that he drew a deadly weapon, *i.e.*, a knife, while communicating a threat to Bingham with the intent that Bingham engage in conduct against his will, *i.e.*, terminate his chase of Fitzgerald. Instead, Fitzgerald claims that he was justified in doing so because he acted in self-defense and that the State failed to present sufficient evidence to rebut his self-defense claim. Specifically, Fitzgerald argues that the State failed to present sufficient evidence to rebut his claim that he was in a location where he had a right to be, that he acted without fault, and that he acted out of a reasonable fear or apprehension of bodily harm.

[17] With respect to the location element, the record demonstrates that at the time of the detainment, Bingham had Fitzgerald "backed up into a corner" of a public parking lot. Tr. p. 40. Nothing in the record indicates that Fitzgerald did not have a right to be in the public location. As such, the record supports Fitzgerald's assertion that he was in a location where he had a right to be.

[18] However, we disagree with Fitzgerald's claim that the record unquestionably supports his assertion that he acted without fault. In carrying out the fake robbery, Fitzgerald was attempting to help a friend cover up a theft. Fitzgerald acknowledged that from Bingham's perspective, it appeared that Fitzgerald had robbed Jones, specifically that he had forcibly taken a bag from Jones and sprayed her in the face with pepper spray. Fitzgerald also acknowledged that he knew that robbery is a crime, but claimed that he did not enter into the situation thinking that he was "doing anything but helping a friend." Tr. p. 84. The trial court was entitled to consider these facts and find that Fitzgerald did not act without fault.

[19] Furthermore, we disagree with Fitzgerald's claim that the record unquestionably supports his assertion that he acted out of reasonable fear or apprehension of bodily harm. Fitzgerald testified that he feared Bingham because Bingham continued making aggressive movements toward him, even after Bingham cornered him. Bingham, for his part, testified that he stayed a safe distance—approximately five to six feet—from Fitzgerald during his chase and so-called detainment of Fitzgerald. Bingham further testified that he withdrew to a distance of approximately eight to ten feet from Fitzgerald once

Fitzgerald pulled the knife out of his pocket. Although Fitzgerald testified that he "pulled the knife" because he was afraid of Bingham and had no intention of cutting or stabbing Bingham, tr. p. 80, the trial court was not obligated to believe Fitzgerald's self-serving testimony. *See McCullough v. State*, 985 N.E.2d 1135, 1139 (Ind. Ct. App. 2013) (providing that the jury, acting as the trier of fact, was under no obligation to credit defendant's statement to police as evidence that he acted without fault or that his actions were reasonable). As such, the trial court was entitled to credit Bingham's testimony and find that Fitzgerald did not act out of a reasonable fear or apprehension of bodily harm.

[20] In sum, although we conclude that Bingham's so-called "citizen's arrest" of Fitzgerald was unlawful, we conclude that the trial court did not err in finding that the State presented sufficient evidence to rebut Fitzgerald's self-defense claim. Accordingly, we affirm Fitzgerald's conviction for Class C felony intimidation.

[21] The judgment of the trial court is affirmed.

Najam, J., and Mathias, J., concur.