## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 20 2015, 10:28 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Michael C. Borschel<br>Fishers, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Christina D. Pace<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dominique Morris,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff,* | July 20, 2015<br><br>Court of Appeals Cause No.<br>49A05-1501-CR-18<br><br>Appeal from the Marion Superior Court<br>The Honorable Sheila Carlisle, Judge<br>Case No. 49G03-1410-MR-46933 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Dominique Morris was convicted of voluntary manslaughter, a Level 2 felony, and escape, a Level 6 felony. He presents one

issue for our review: whether the State presented sufficient evidence to rebut Morris's claim of self-defense and convict him of voluntary manslaughter. Concluding the evidence is sufficient to support Morris's conviction, we affirm.

# Facts and Procedural History

[2] The facts most favorable to the court's decision are as follows.

[3] In September of 2014, Morris was living with his parents, David and Chantris Morris. Morris was on home detention and assigned a GPS monitoring unit.

[4] On September 20, 2014, David arrived home from work at approximately 3:30 a.m. He walked around to the back patio, where he found Morris having sex with Shameka Dowdy, who was Morris's girlfriend. David yelled at Morris and Dowdy for being disrespectful, and demanded that the two leave the house immediately. The two got dressed and walked around to the front of the house where Dowdy's car was parked.

[5] Morris and Dowdy got into the car, and David followed them out to the car, continuing to yell and argue with Morris. Morris then exited the vehicle and ran back up to the house. Chantris was standing at the front door, and Morris asked her where her gun was. Chantris told him "no," transcript at 93, in an attempt to dissuade him from retrieving her gun, which was locked in a safe in the garage. Morris ran into the house and returned seconds later, carrying his GPS monitor and a butcher knife that he took from the kitchen. Chantris grabbed Morris near the doorway and tried to prevent him from going back

outside with the knife, but Morris pushed past his mother, knocking her to the ground and causing her to "bust[] [her] nose open." *Id.* at 97. Morris then stabbed David in the abdomen and left the house in Dowdy's car. After Morris and Dowdy drove away from the house, Morris threw his GPS monitor out of the car. David was taken to the hospital but later died as a result of the stab wound.

[6] The State charged Morris with murder, a felony, and Level 6 felony escape. The State also alleged that Morris was an habitual offender. Following a bench trial, the trial court found Morris guilty of voluntary manslaughter, as a lesser included offense of murder, and also guilty of escape. Morris then admitted to being an habitual offender. He received an aggregate sentence of twenty-six years imprisonment. This appeal followed.

# Discussion and Decision

## I. Standard of Review

[7] When reviewing the sufficiency of evidence supporting a conviction, this court does not reweigh the evidence or assess the credibility of witnesses. *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005). When confronted with conflicting evidence, we consider it in the light most favorable to the conviction. *Walker v. State*, 998 N.E.2d 724, 726 (Ind. 2013). This court will affirm the conviction unless "no reasonable fact-finder" could have found the defendant guilty beyond a reasonable doubt. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007).

## II.    Self-defense & Sufficiency of Evidence

[8]    At trial, Morris claimed that he acted in self-defense, and on appeal, he argues that the State failed to present sufficient evidence to rebut that claim. Self-defense is a legal justification for an otherwise criminal act. *Miller v. State*, 720 N.E.2d 696, 699 (Ind. 1999). Under Indiana law, a person is justified in using deadly force and does not have a duty to retreat "if the person reasonably believes that that force is necessary to prevent serious bodily injury to the person . . . ." Ind. Code § 35-41-3-2(c). Self-defense is established if a defendant: "(1) was in a place where the defendant had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm." *Brand v. State*, 766 N.E.2d 772, 777 (Ind. Ct. App. 2002), *trans. denied*. When a defendant claims self-defense, the State has the burden of disproving at least one of the elements beyond a reasonable doubt. *Id.* The State may do so either by affirmatively rebutting the claim of self-defense or by simply relying on the sufficiency of evidence presented in its case in chief. *Id.*

[9]    According to Morris, he first exited Dowdy's vehicle to "diffuse the situation," at which point David attacked Morris and the two tussled. Appellant's Brief at 4 (citing tr. at 139). Morris then entered the house to retrieve his GPS monitor and grabbed the knife because he feared for his safety. He claims that when he exited the house, David charged at him, and he accidentally stabbed David in the abdomen while trying only to keep him at bay.

[10] While Morris's version of events may support a self-defense claim, it is not a version that the fact-finder believed. *See Fitzgerald v. State*, 26 N.E.3d 105, 110 (Ind. Ct. App. 2015) (stating that the trial court, acting as fact-finder, is not required to believe a defendant's self-serving testimony). Chantris testified that she stood near the front door and watched as David yelled at Morris and Dowdy while they were inside the car. Contrary to Morris's version of events, Chantris testified that she did not witness a scuffle between Morris and David after Morris exited the car and ran to the house to get a knife and his GPS monitor. She attempted to stop Morris from leaving the house with the knife, but he shoved his way past her and stabbed David in the abdomen.

[11] The evidence most favorable to the judgment lends itself to the inference that Morris was the initial aggressor, or at minimum, a willing participant in the violence. As such, the State succeeded in rebutting his self-defense claim. *See Brand*, 766 N.E.2d at 777.

[12] Even if David were the initial aggressor, Morris's self-defense claim would still not prevail on appeal. In *Hobson v. State*, the victim was the initial aggressor. 795 N.E.2d 1118, 1121-22 (Ind. Ct. App. 2003), *trans. denied*. However, the defendant chose to fight back, then grabbed a gun while separated from the victim and shot him. *Id.* This court held that under those circumstances, the State presented sufficient evidence to rebut the defendant's claim of self-defense. *Id.* at 1122. Morris's act of running into the house to grab a knife is similar, and allows for the same result in this case.

# Conclusion

[13] Concluding the State presented sufficient evidence to rebut Morris's self-defense claim, we affirm his conviction.

[14] Affirmed.

May, J., and Mathias, J., concur.