## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 31 2017, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen Celestino-Horseman
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew Wright,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 31, 2017<br><br>Court of Appeals Case No.<br>49A02-1606-CR-1377<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Christina<br>Klineman, Judge<br><br>Trial Court Cause No.<br>49G17-1603-F6-9363 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Michael Wright was convicted of battery and domestic battery, both Level 6 felonies. He appeals his convictions, raising one issue for our review: whether the State presented sufficient evidence to rebut his claim of self-defense. Concluding there was sufficient evidence to rebut Wright's claim of self-defense, we affirm.

# Facts and Procedural History

[2] In 2016, Wright and Arlendia Hill Wright had been married for three years, although they had been in a relationship for over thirty years and had a twenty-five-year-old son together. During this time, Arlendia also had custody of her nieces and nephews, ranging in age from approximately two to ten.

[3] The facts most favorable to the trial court's judgment are that on March 4, 2016, Wright drove Arlendia, two of her nieces and one of her nephews to her cousin's house to get the girls' hair braided. Arlendia had two or three alcoholic drinks while she waited with them. Wright did not stay the entire time, returning five to six hours after dropping them off but the girls' hair was not yet done. Arlendia asked Wright to drive her to the ATM so she could get some money to pay her cousin's daughter who was helping. Wright refused and waited in the car until the girls' hair was done. He returned to the house to help with the kids, but had "a major attitude[,] yelling [and] fussing" about it taking too long. Transcript at 24. The group returned to the car and began to

drive home while Wright and Arlendia continued to argue, with both parties yelling at each other until Wright told Arlendia to "shut up or he was going to smack [her] in [her] mouth." *Id.* at 25. Arlendia protested that he "wasn't going to talk to [her] any kind of way he wanted to[,]" *id.* at 26, and Wright backhanded her across the face, breaking one of her teeth. When they arrived at the end of the street, Wright put the vehicle in park, leaned over Arlendia, and "just started beating [her] all through [her] face" numerous times with a closed fist. *Id.* Arlendia tried to fight Wright off but was unsuccessful. As a result, both of Arlendia's eyes were swollen shut, her ear was bleeding, she had numerous scratches on her chest, and multiple bruises. Eventually, Wright stopped beating Arlendia and drove to her sister's house. Arlendia was "unrecognizable" when her sister opened the door. *Id.* at 54. Wright threw the car keys into the house and left on foot.

[4] The State charged Wright with battery with moderate bodily injury, domestic battery, and battery in the presence of a child, all Level 6 felonies, and domestic battery and battery resulting in bodily injury, both Class A misdemeanors. At the conclusion of a bench trial, the trial court found Wright guilty of all charges:

> Mr. Wright even [if] I believed every single thing that you said, and I didn't believe anything that they said, right, which is not necessarily the case, but assuming I believe everything you say, uhm, I, I'm looking at State's [Exhibit] 4[1] and I just can't just get

---

[1] State's Exhibit 4 is a photo of Arlendia's face taken by police at her sister's home before she was taken to the emergency room.

self-defense out of this, I just can't. Uhm, a reasonable person pulls over. Uhm, a reasonable person gets out of the vehicle, tells her to get out of the vehicle. A reasonable person does not do this, it just, it just doesn't happen.

*Id.* at 87. The trial court entered judgment of conviction only on the Level 6 battery and domestic battery charges, and sentenced Wright to one year to be served on home detention.[2]

# Discussion and Decision

## I. Standard of Review

[5] Wright argues the State failed to rebut his claim he acted in self-defense during the incident with his wife. Our standard for reviewing a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim: "We neither reweigh the evidence nor judge the credibility of witnesses. If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed." *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002) (internal citation omitted).

---

[2] The trial court stated that the sentence took into account the fact Wright was on federal parole at the time of this offense and therefore was likely to be serving some time for the parole violation before serving this sentence.

# II. Sufficiency of the Evidence

[6] "A valid claim of self-defense is legal justification for an otherwise criminal act." *Cole v. State*, 28 N.E.3d 1126, 1137 (Ind. Ct. App. 2015). "A person is justified in using reasonable force against any other person to protect the person or a third person from what the person reasonably believes to be the imminent use of unlawful force." Ind. Code § 35-41-3-2(c). "Reasonably believes" has both a subjective and an objective component: the defendant must subjectively believe that force was necessary and an objectively reasonable person under the same circumstances would also have such a belief. *Washington v. State*, 997 N.E.2d 342, 349 (Ind. 2013). When the defendant has raised a self-defense claim, the State must disprove at least one of the following elements beyond a reasonable doubt: the defendant (1) was in a place where he had a right to be; (2) was without fault and did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *Boyer v. State*, 883 N.E.2d 158, 162 (Ind. Ct. App. 2008). Any force used must be proportionate to the situation; a claim of self-defense will fail if the person uses more force than is reasonably necessary under the circumstances. *Weedman v. State*, 21 N.E.3d 873, 892 (Ind. Ct. App. 2014), *trans. denied*. A defendant's conviction will be upheld unless no reasonable person could say the State negated the self-defense claim beyond a reasonable doubt. *Fitzgerald v. State*, 26 N.E.3d 105, 109 (Ind. Ct. App. 2015).

[7] Wright does not deny hitting Arlendia, although he disputes he hit her as many times as Arlendia testified; rather, he testified her extensive injuries were caused

by the rings he was wearing rather than repeated punching. Wright testified he hit Arlendia only after she tried to grab the gear shift and take the keys out of the ignition while he was driving, stated she was "killin' all of us right now[,]" tr. at 69, and then hit him several times, breaking his glasses and leaving him unable to see to drive safely. Wright's theory at trial was that he hit Arlendia only in response to her actions and in a reasonable effort to keep her from causing the car to crash, in defense of himself and the children. On appeal, he claims the State failed to rebut his self-defense claim.

[8] The record does not unquestionably support Wright's assertion that he acted without fault and out of reasonable fear of bodily harm to himself and the children. Wright testified he feared Arlendia's actions would cause a car crash and he was unable to react in any way other than striking her because he was driving in traffic and did not have an opportunity to pull over and diffuse the situation. The trial court was not obligated to believe Wright's self-serving testimony that his actions were reasonable under the circumstances, *see McCullough v. State*, 985 N.E.2d 1135, 1139 (Ind. Ct. App. 2013), *trans. denied,* and in fact, the trial court specifically stated it did not believe Wright's response was reasonable, *see* tr. at 87. The trial court also noted that Wright's version of events did not coincide with the extent of Arlendia's injuries as depicted in the State's exhibits. The State can also disprove the defendant was without fault by establishing he used more force than was reasonably necessary under the circumstances. *Boyer*, 883 N.E.2d at 162.

The facts most favorable to the trial court's judgment are that Wright instigated the violence when he escalated a purely verbal altercation by smacking Arlendia across the face and then participated willingly in the ensuing violence which left her with extensive injuries to her face and head. There exists sufficient evidence from which the trier of fact could reasonably find that Wright did not validly act in self-defense.

# Conclusion

The State presented sufficient evidence to rebut Wright's self-defense claim and his convictions are therefore affirmed.

Affirmed.

Kirsch, J., and Barnes, J., concur.